UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO JAVIER ROMERO RAVDA,

Petitioner,

-against-

ICE,

Respondent.

Case No. 1:26-cv-03498 (JLR)

**ORDER GRANTING PRO BONO COUNSEL**

JENNIFER L. ROCHON, United States District Judge:

WHEREAS Petitioner Pedro Javier Romero Ravda filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 27, 2026, while Petitioner was present in the Southern District of New York;

WHEREAS the Court issued an Order to Answer on April 28, 2026, and a hearing is scheduled for May 18, 2026;

WHEREAS Petitioner's reply to the Government's opposition to the petition is due on May 11, 2026;

WHEREAS the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986) in deciding whether to seek *pro bono* counsel for Petitioner;

WHEREAS the *Hodge* factors include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011);

WHEREAS the Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner.  Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his habeas petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61;

IT IS HEREBY ORDERED THAT the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).  If an attorney volunteers, the attorney will contact Petitioner directly;

IT IS FURTHER ORDERED if Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he must inform the Court by May 8, 2026; and

IT IS FURTHER ORDERED that the Clerk of the Court is directed to immediately mail a copy of this Order to Petitioner at the address provided on the docket.

Dated: May 5, 2026
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge